SYLVIA GREEN, PLAINTIFF-RESPONDENT, v. WILBERT C. SOMERVILLE, SR., GENERAL ADMINISTRATOR OF THE ESTATE OF WILBERT C. SOMERVILLE, JR., DECEASED, DEFENDANT, AND UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 12, 1970—Decided January 28, 1970.

Before Judges CONFORD, COLLESTER and KOLOVSKY.

*Mr. James J. Casby, Jr.* argued the cause for appellant.

*Mr. Martin A. Herman* argued the cause for respondent.

The opinion of the court was delivered by

KOLOVSKY, J. A. D.  The Unsatisfied Claim and Judgment Fund Board (Fund) appeals from an order entered under *N. J. S. A.* 39:6–71 directing payment out of its funds of the judgment of $8250 recovered in an automobile negligence

action by plaintiff against defendant adminstrator of the estate of Wilbert C. Somerville, Jr. (Wilbert), deceased.

The sole issue presented is whether the court was correct in ruling that plaintiff had established, as *N. J. S. A.* 39:6–70(f) requires, that Wilbert "at the time of the accident was not insured under a policy of automobile liability insurance under the terms of which the insurer is liable to pay in whole or in part the amount of the judgment."

The controlling facts are conceded. On June 4, 1965 Wilbert did not own an automobile. His driver's license had theretofore been revoked or suspended, and for him to regain it it was necessary that he file proof of financial responsibility pursuant to *N. J. S. A.* 39:6–31 and *N. J. S. A.* 39:6–46 with the Director of the Division of Motor Vehicles.

The latter section provides in pertinent part:

A motor vehicle liability policy furnished as proof of financial responsibility as provided herein shall be a policy of liability insurance issued * * * to the person therein named as insured, * * *. The policy shall:

(a) Designate, by explicit description or appropriate reference, all motor vehicles with respect to which coverage is intended to be granted thereby, and insure the insured named therein and any other person using or responsible for the use of any such motor vehicle with the express or implied consent of the insured, against loss from the liability imposed upon the insured or other person by law, for injury to or the death of a person, * * * growing out of the maintenance, use or operation of the motor vehicle in the United States of America; or

(b) *In the alternative*, insure the person therein named as insured against loss from the liability imposed by law upon the insured for injury to or death of a person, * * * growing out of the operation or use by the insured of a motor vehicle, *except a motor vehicle registered in the name of the insured*, and occurring while the insured is personally in control, as driver or occupant, of the motor vehicle within the United States of America. [Emphasis added]

The policy filed by Wilbert with the Director as proof of financial responsibility was a "non-owner" policy, the alternative referred to in paragraph (b) of the quoted section. The policy, naming Wilbert as the insured, was issued for a term of one year from June 4, 1965 by Hardware

Mutual Casualty Company (Hardware), to which the risk had been assigned under the "assigned risk plan."

Insofar as pertinent, the policy, on an endorsement page headed "Non-owner policy," provided:

It is agreed that such insurance as is afforded by the policy for bodily injury liability, for property damage liability and for automobile medical payments applies with respect to the use of any automobile by or on behalf of the named insured or his spouse if a resident of the same household, subject to the following provisions:

1. With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes (A) such named insured and spouse, * * *.

2. The insurance does not apply:

(A) As respects the named insured, to any automobile owned by the named insured and as respects the spouse of the named insured, to any automobile owned [by] the named insured, * * *.

On November 2, 1965 Wilbert purchased and registered a Plymouth automobile, but he neither procured a new policy describing that automobile nor applied for an endorsement on the existing "non-owner" policy. On February 19, 1966, while driving the Plymouth, Wilbert was involved in the collision which injured plaintiff and led to the recovery of the judgment here involved.

The Fund concedes that by the express language of Hardware's policy it is not an insurance policy "under the terms of which the insurer is liable to pay in whole or in part the amount of the judgment" (*N. J. S. A.* 39:6–70(f)). The Fund, however, argues, relying primarily on *Selected Risks Insurance Co. v. Zullo*, 48 *N. J.* 362 (1966); *Willis v. Security Insurance Group*, 53 *N. J.* 260 (1969), affirming 104 *N. J. Super.* 410 (Ch. Div. 1968), and *State Farm Mut. Auto. Ins. Co. v. Wall*, 92 *N. J. Super.* 92 (App. Div. 1966), that "the 'non-owner' endorsement was invalid" or at least became invalid when Wilbert purchased and registered the Plymouth automobile.

The contention is substantially similar to the argument rejected by this court in *American Cas. Co. v. Cioffi*, 49 *N. J. Super.* 6 (App. Div. 1958). The Fund urges, however,

that in view of the later decisions in *Zullo, Wall* and *Willis, Cioffi* should be overruled.

We find no merit in the Fund's argument.

The reliance on *Zullo, Wall* and *Willis* is misplaced. *Wall* is irrelevant to the issue here presented. *Zullo* and *Willis* involved "owner's policies" presented by the owners "to the Director of Motor Vehicles in order to obtain the advantage of registering an insured motor vehicle" and, as the court held in *Zullo*:

> A policy so offered must have the broad form omnibus coverage set forth in *N. J. S. A.* 39:6–46(*a*). A policy which purports to have a more restrictive omnibus coverage is automatically amended to conform to the statutory standard. [at 373; emphasis added]

That holding has no effect on a "non-owner" policy, such as is here involved, issued pursuant to the alternative granted by, and conforming as detailed above in all respects to the controlling statute, *N. J. S. A.* 39:6–46(b).

The order directing payment by the Fund is affirmed.